# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES SURETY COMPANY | * | |
| Plaintiff | * | Civil Action No.: |
| v. | * | |
| M. MILLER TRUCKING, et al. | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT FUNDS WITH CLERK OF THE COURT

Plaintiff, United States Surety Company, ("Plaintiff" or "Surety") by its undersigned attorneys, pursuant to Rule 7, Rule 67 and Local Rule 67.2, moves this court to grant an order permitting Plaintiff to deposit $10,000.00 with the Clerk of the Court, and in support thereof respectfully states:

1. Plaintiff has filed an Interpleader Complaint with the Court pursuant to 28 U.S.C. 1335(a) regarding a surety bond in the amount of $10,000 against which all Defendants assert adverse claims.

2. As set forth in the Complaint, on May 28, 2002, the Plaintiff at the request of Triglia Express, Inc., Joseph S. Triglia, Jr. and Barbara J. Triglia, issued Property Broker's Surety Bond number 4727 (the "Bond") on behalf of Triglia Express, Inc. in the penal sum of $10,000.  *See* Property Broker's Surety Bond, attached to Complaint as Exhibit A.

3. Triglia Express, Inc. was a property broker licensed by the Federal Highway Administration that was in the business of arranging for transportation of goods by motor

carrier.

4. Beginning in April 2004, the Surety began receiving numerous claims against the Bond from motor carriers who had not been paid for their services by Triglia Express, Inc.

5. As a result of the numerous claims against the Bond received by the Surety, the Surety elected to exercise its right to cancel the Bond on August 9, 2004.

6. Triglia Express, Inc. ceased operations and closed its doors on September 13, 2004.

7. On information and belief, all of the named Defendants may have provided transportation services for Triglia Express, Inc. and have not been paid for such services by Triglia Express, Inc.

8. All of the claims asserted, and claims which could be asserted, by the Defendants are adverse to the Plaintiff.

9. The claims and potential claims that could be asserted by the Defendants are all adverse to each other because the amounts asserted as claims by the Defendants in this action exceed the maximum liability of the Plaintiff under the Bond. Indeed, the amount of the claims asserted or potentially asserted by the Defendants total approximately $52,452.80 while the maximum liability of the Plaintiff, if any, is $10,000. Because the claims and potential claims exceed the available sums, the claims are adverse to each other as each Defendant has an interest in defeating or reducing the amount asserted by other Defendants.

10. It is necessary for the Court to restrain a race to the courthouse and prevent multiple or inconsistent liabilities on the Bond, or unfair depletion of the penal

sum of the Bond by only one or only a few of the many claimants to a share in those proceeds. The Defendants should be required to prove their proportionate share of the available proceeds in a single proceeding.

11. 28 U.S.C. § 1335(a) authorizes the Plaintiff to join all of the claimants to the Bond proceeds in a single action, and thus avoid multiple litigation and potential multiple or inconsistent liability.

12. The Plaintiff will pay the penal sum of the Bond into the registry of the Court upon Order from the Court.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court enter an Order in the form of the Order enclosed.

Respectfully submitted,

   /s/ Donald R. Kinsley
Donald R. Kinsley, Esquire (I.D. No. 3006)
Brian L. Kasprzak, Esquire (I.D. No. 3846)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market St., Suite 800
Wilmington, DE  19801
Phone (302) 658-6538
Fax (302) 658-6537

OF COUNSEL:

Patrick M. Pike
Sean P. Foley
Goldberg, Pike & Besche, PC
100 S. Charles Street
Tower II, Suite 1001
Baltimore, MD 21201
(410) 539-1004


Dated: September 16, 2005