UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
JAN 12 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

United States Surety Company

        Plaintiff,

vs.

M. Miller Trucking et al.

        Defendants.

Case No. 05-675 GMS

## ANSWER

### Jurisdiction and Venue

1. Plaintiff is a corporation and a surety organized and incorporated under the laws of the State of Maryland, with its principal place of business in Timonium, Maryland. At all times mentioned in this Complaint, the Plaintiff was a duly admitted and licensed insurer, permitted under the laws of the State of Maryland and Delaware to offer and sell the surety bond that is the subject of this action.

ANSWER: Admit

2. All Defendants are residents of states other than Maryland.

ANSWER: Admit

3. This court has jurisdiction of this interpleader action under the provisions of 28 U.S.C. § 1335(a) because:

    a. There is complete diversity of citizenship between Plaintiff and all Defendants;

    b.    The penal sum of the surety bond against which all Defendants assert adverse claims is $10,000, a sum in excess of $500; and

    c.    The Plaintiff has, contemporaneously with the filing of this Complaint, filed a motion for leave to deposit $10,000 into the registry of this Court and will deposit said amount upon the order of this Court.

ANSWER:    Admit

4.    This court is a proper venue for this action pursuant to *28 U.S.C. § 1397* because Defendant Truckers Express, Inc. is a Delaware corporation and is considered a resident within this judicial district.

ANSWER:    Admit

## Adverse Claims

5.    On May 28, 2002, the Plaintiff, United States Surety Company ("Plaintiff" or "Surety"), at the request of Triglia Express, Inc., Joseph S. Triglia, Jr. and Barbara J. Triglia, issued Property Broker's Surety Bond number 4727 (the "Bond") on behalf of Triglia Express, Inc. in the penal sum of $10,000. *See* Property Broker's Surety Bond, attached hereto as *Exhibit A*. All Property Brokers that are involved in interstate commerce are required to obtain such a bond pursuant to 49 U.S.C. § 13906.

ANSWER:    Admit

6.    The Bond was procured and executed in Delmar, Delaware.

ANSWER:    Admit

7.    The Bond form is prescribed by the United States Department of Transportation, Federal Highway Administration and states, in relevant part:

WHEREAS, this bond is written to assure compliance by the Principal as a licensed Property Broker of Transportation by motor vehicle with 49 U.S.C. 13906(b), and the rules and regulations of the Federal Highway Administration, relating to insurance or other security for the protection of motor carrier and shippers, and shall inure to the benefit of any and all motor carriers or shippers to whom the Principal may be legally liable for any of the damages herein described.

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall pay or cause to be paid to motor carriers or shippers by motor vehicle any sum or sums for which the Principal may be held legally liable by reason of the Principal's failure faithfully to perform, fulfill, and carry our all contracts, agreements, and arrangements made by the Principal while this bond is in effect for the supplying of transportation subject to the ICC Termination Act of 1995 under license issued to the Principal by the Federal Highway Administration, then this obligation shall be void, otherwise to remain in full force and effect.

ANSWER:    Admit

8.    Triglia Express, Inc. was a property broker licensed by the Federal Highway Administration that was in the business of arranging for transportation of goods by motor carrier.

ANSWER:    Admit

9.    Beginning in April 2004, the Surety began receiving numerous claims against the Bond from motor carriers who had not been paid for their services by Triglia Express, Inc.

ANSWER:    Admit

10.    As a result of the numerous claims against the Bond received by the Surety, the Surety elected to exercise its right to cancel the Bond on August 9, 2004.

ANSWER:    Admit

11.    Triglia Express, Inc. ceased operations and closed its doors on September 13, 2004.

ANSWER:    Admit

12.   On information and belief, all of the named Defendants herein may have provided transportation services for Triglia Express, Inc. and have not been paid for such services by Triglia Express, Inc.

ANSWER:    Admit

13.   All of the claims asserted, and claims which could be asserted, by the Defendants are adverse to the Plaintiff.

ANSWER:    Admit

14.   The claims and potential claims that could be asserted by the Defendants are all adverse to each other because the amounts asserted as claims by the Defendants in this action exceed the maximum liability of the Plaintiff under the Bond. Indeed, the amount of the claims asserted or potentially asserted by the Defendants total approximately $52,452.80 while the maximum liability of the Plaintiff, if any, if $10,000. Because the claims and potential claims exceed the available sums, the claims are adverse to each other as each Defendant has an interest in defeating or reducing the amount asserted by other Defendants.

ANSWER:    Admit

### Interpleader Remedy

15.   It is necessary for the Court to restrain a race to the courthouse and prevent multiple or inconsistent liabilities on the Bond, or unfair depletion of the penal sum of the Bond by only one or only a few of the many claimants to a share in those proceeds. The Defendants should be required to prove their

proportionate share of the available proceeds in a single proceeding.

ANSWER:   Admit

16.   28 U.S.C. § 1335(a) authorizes the Plaintiff to join all of the claimants to the Bond proceeds in a single action, and thus avoid multiple litigation and potential multiple or inconsistent liability.

ANSWER:   Admit

17.   The Plaintiff will pay the penal sum of the Bond into the registry of the Court upon Order from the Court.

ANSWER:   Admit

### Prayer

Wherefore, Defendant Prays:

1.   That the Court order any Defendants who claim injury or damage to interplead and establish their respective claims in this action.

2.   That the Defendants have whatever other and further relief as may be proper.

Dated this 6th day of January, 2006.

                            COGGINS & WOLFE

                            By: _____
                                Steven E. Wolfe
                                MI Bar No.: (P42044)
                                WI Bar No.: (1000511)
                                Attorney for Defendant

COGGINS & WOLFE
900 26th Street, Suite 2
Menominee, MI 49858
(906)864-7797

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

United States Surety Company

           Plaintiff,           Case No. 05-675 GMS

vs.

M. Miller Trucking et al.

           Defendants.

### AFFIDAVIT OF MAILING

STATE OF MICHIGAN   )
                             :ss
MENOMINEE COUNTY  )

    I, Ashley Coggins, Legal Secretary at Coggins & Wolfe Law Firm of Menominee, Michigan, being first duly sworn, state that on the 6th day of January, 2006, I mailed and properly enclosed in a postpaid envelope a conformed copy of **1.) Notice of Retainer; 2.) Answer;** and **3.) Affidavit of Mailing** in the above-entitled action addressed to each of the following at the address after each respective name, to-wit:

Attorney Donald R. Kinsley
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street, Suite 800
Wilmington, DE 19801

Nelson Freight Service, Inc.
Attn: Mr. Jon Nelson
W3068 County Road RW
Peshtigo, WI 54157

                                                       _____
                                                       Ashley Coggins

Subscribed and Sworn to before me
This 6th day of January, 2006.

_____
Lynn A. Steinbrecher, Notary Public, State of Michigan
My Commission Expires: 3/2/08
Acting in the County of Menominee, MI.