2.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
MAR - 8 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES SURETY CO.,   )
                            )
        Plaintiff           )
                            )
    v.                      )   Civil Action No. 05-675 GMS
                            )
CROFT LLC, et al.           )
                            )
        Defendants.         )

### ORDER

WHEREAS, on September 16, 2005, the plaintiff filed a Complaint against the above-captioned defendant;

WHEREAS, on September 16, 2005, a return of service executed as to the defendant was filed with the court;

WHEREAS, the defendant's answer to the Complaint was due on November 15, 2005, and

WHEREAS, the court's docket reflects no answer or other responsive pleading filed by the defendant;

IT IS HEREBY ORDERED that:

1. The defendant will answer or otherwise respond to the Complaint within five (5) days of the date of this Order.

Dated: March 1, 2006            /s/ Gregory M. Sleet
                                UNITED STATES DISTRICT JUDGE



MARIE
302 573-1472



MAR - 7 2006



**CROFT, LLC**

3.

MULTIPLE PLANTS,
SALES OFFICES AND WAREHOUSES

CENTRAL OFFICE
P.O. BOX 825 • McCOMB, MS 39649-0825
TELEPHONE (601) 684-6121 EXT. 260 • FAX (601) 684-5134

VICTOR C. DONATI, JR.
VICE-PRESIDENT
ADMINISTRATION

March 7, 2006

Re: Judge Gregory M. Sleet's Order of March 1, 2006
UNITED STATES SURETY CO. v. CROFT, LLC, et al
Civil Action No. 05-675 GMS

In that United States Surety Company has deposited the sum of $10,000.00 with the Court to satisfy demands against the broker bond let to Triglia Express; and Croft, LLC had made a backhaul of freight covered by this bond and has not been paid to date, our answer would be in the form of providing materials to prove our claim for this service in the amount of five hundred dollars ($500.00).

Please note the attached documentation to show that on July 8, 2004, Croft, LLC pulled a load of freight from McDonough, GA to Brookhaven, MS for Triglia Express, Inc. The fee noted was $500.00. On October 25, 2004, our traffic clerk e-mailed Triglia to advise them that the payment was past due. We were never paid, and would appreciate being able to recover the funds due us.

Thank you for your help. Please advise if we need to provide additional details.

Sincerely Yours, *[signature: Victor C. Donati, Jr.]*

For Croft, LLC

7/8/2004 9:54 AM FROM: Fax TO: 16017830991 PAGE: 001 OF 001

REB CHAMBLESS
3141:00 T 4.

**[T]LIA EXPRESS, INC.**
**[1]0001 BI-STATE BLVD**
**DELMAR, DE 19940**
**WEB: HTTP://WWW.TEI-WEB.COM**
**PHONE: (888)207-2595 FAX: (302)846-2248 E-MAIL: DISPATCH@TEI-WEB.COM**

**TEI**
**DISTRIBUTION WORLDWIDE**

Ken

**DATE: 7/8/2004** **ATTN: DISPATCH**

# LOAD CONFIRMATION

| 1 | 2 |
|---|---|
| NAME: MCDONOUGH - NORCOM | NAME: WAL-MART 6011 |
| ADDRESS: 120 DECLARATION DRIVE | ADDRESS: 2200 MANUFACTURES BLVD |
| CITY: MCDONOUGH ST: GA | CITY: BROOKHAVEN ST: MS |
| DATE: 7/9/4 TIME: 6AM-4PM | DATE: 7/12/4 TIME: 9AM |
| RELEASE #: 103654/4000232897 | RELEASE # 159919 |
| CONTACT: KEN | CONTACT: KEN |
| PHONE: 1888 207 2595 | PHONE: 1888 207/2595 |
| NAME: | NAME: |
| ADDRESS: | ADDRESS: |
| CITY ST: | CITY: ST: |
| DATE: TIME: | DATE: TIME: |
| RELEASE #: | RELEASE #: |
| CONTACT: | CONTACT: |
| PHONE: | PHONE: |

**TRIGLIA PRO NUMBER: 997072**

**COMMODITY:** 22 PIECES

**DIMENSIONS:** ~~53~~ 48 **WEIGHT:** APPROX. 40,000LBS

**TARP:** NO **MILES:** **EQUIPMENT:** VAN

**CARRIER:** CROFT **PRICE:** $500.00

**REMARKS:** CALL KEN FOR DISPATCH, WHEN LOADED AND UNLOADED 888-207-2595, PLEASE FAX POD WITHIN 24 HRS OF DELIVERY TO 888-268-7634. THANKS!!

**SIGNATURE HERE:** [signature] 7-8-04
(SIGN ABOVE, SIGNATURE IS REQUIRED FOR PAYMENT!)

IF LOAD IS NOT PICKED UP OR DROPPED OFF AS SPECIFIED, THERE WILL BE A $150.00 NO SHOW FEE CHARGED. **PLEASE HAVE DRIVER FAX POD TO OUR TOLL FREE NUMBER (888-268-7634) WITHIN 24HOURS OF DELIVERY. FAILURE TO DO SO WILL RESULT IN DELAY OF PAYMENT.**

5.



**CROFT LLC**

Broker File# 997072
BACKHAUL AUTHORIZATION# 5274

| | | | |
|---|---|---|---|
| Driver's Name | Rob Chambless | Broker | Trigiia Express Inc |
| Unit No. | 316435 t298 | Date | 7/8/2004 |
| Shipper | McDonough Norcom | Consignee | Walmart |
| Origin | McDonough Ga | Destination | Brookhaven Ms |
| Commodity: | Mdse | | |

Freight Fee                          $   500.00
Detention Fee                        $
Balance Due                          $   500.00

Signature    SFB

Att: U.L Donut:   601-684-0537

**Sharon Boyd**

From: Sharon Boyd [boyds@croftmetals.com]
Sent: Monday, October 25, 2004 2:40 PM
To: tngx@bwave.com
Subject: Past due invoice

Your Pro No 997072 for $500.00 is past due....I would like to know when this is going to be paid...thanks SHaron Boyd   Croft LLC   800 222 3195   ext 324



Law Offices of

# COGGINS & WOLFE

900 26th Street, Suite 2
Menominee, MI 49858



Kim A. Coggins
Licensed in MI & WI

Steven E. Wolfe
Licensed in MI & WI

Telephone (906) 864-7797
Facsimile (906) 864-2216

January 9, 2006

United States District Court
Attn: Clerk of Courts
844 N. King Street
Wilmington, DE 19801

  RE: United States Surety Company v. M. Miller Trucking, Co., et al
    Case No. 05-675-GMS

Dear Clerk:

  Please find enclosed for filing an Affidavit of Mailing in regards to the above referenced case. Please conform and return the extra copy enclosed. Should you have any questions, please do not hesitate to contact our office.

            Sincerely yours,

            COGGINS & WOLFE

            By: *Lynn A. Steinbrecher*
              Lynn A. Steinbrecher
              Legal Assistant

/ls
Enc.
cc: All parties of record

Southeast Logistics, Inc.
P.O. Box 1309
Tuscaloosa, AL 35403

Truckers Express, Inc.
725 Market Street
Wilmington, DE 19899

BBB Trucking, Inc.
8305 Talton
Houston, TX 77028

Croft, LLC
107 Oliver Emmerich Drive
McComb, MS 39648

Allen Michael Mitrisen d/b/a MM Transport
29181 Cortez Boulevard
Brooksville, FL 34602

Ryan Logistics, Inc.
325 Co. Road 1760
Joppa, AL 35087

CJW Transport, Inc.
32 Walker Road
Quincy, FL 32351

Truckfix, Inc.
888 Larch Avenue
Elmhurst, IL 60126

XRG Logistics, Inc.
601 Cleveland Street, Suite 820
Clearwater, FL 33755

Teton Transportation, Inc.
5651 South National Drive
Knoxville, TN 37914

Wilkins Trucking
1094 South Railroad Street
Warsaw, NC 28398

Best Freight Systems, Inc.
P.O. Box 1322
Laredo, TX 78042

Gammel Transportation, LLC
1404 County Road 101
New Albany, MS 38652

Russell's Truck Division, Inc.
1008 South Danville Road
Harrodsburg, KY 40330

Cedray Transportation, Ltd.
336 Cane Creek Drive
Stockbridge, GA 30281

C-Line, Inc.
340 Jefferson Boulevard
Warwick, RI 02888

United Freight, Inc.
319 Baylor Street
Texarkana, TX 75501

_____
Ashley Coggins

Subscribed and Sworn to before me
This 9th day of January, 2006.

_____
Steinbrecher, Notary Public, State of Michigan
My Commission Expires: 3/2/08
Acting in the County of Menominee, MI.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES SURETY COMPANY    *

    Plaintiff    *    Civil Action No.:    - 0 5 - 6 7 5 -

    v.    *

M. MILLER TRUCKING, et al.    *

    Defendants

*   *   *   *   *   *   *   *   *   *   *

FILED
SEP 16 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT FUNDS
WITH CLERK OF THE COURT**

Plaintiff, United States Surety Company, ("Plaintiff" or "Surety") by its undersigned attorneys, pursuant to Rule 7, Rule 67 and Local Rule 67.2, moves this court to grant an order permitting Plaintiff to deposit $10,000.00 with the Clerk of the Court, and in support thereof respectfully states:

1. Plaintiff has filed an Interpleader Complaint with the Court pursuant to 28 U.S.C. 1335(a) regarding a surety bond in the amount of $10,000 against which all Defendants assert adverse claims.

2. As set forth in the Complaint, on May 28, 2002, the Plaintiff at the request of Triglia Express, Inc., Joseph S. Triglia, Jr. and Barbara J. Triglia, issued Property Broker's Surety Bond number 4727 (the "Bond") on behalf of Triglia Express, Inc. in the penal sum of $10,000. See Property Broker's Surety Bond, attached to Complaint as Exhibit A.

3. Triglia Express, Inc. was a property broker licensed by the Federal Highway Administration that was in the business of arranging for transportation of goods by motor

{DE045140.1}

10.

sum of the Bond by only one or only a few of the many claimants to a share in those proceeds. The Defendants should be required to prove their proportionate share of the available proceeds in a single proceeding.

11. 28 U.S.C. § 1335(a) authorizes the Plaintiff to join all of the claimants to the Bond proceeds in a single action, and thus avoid multiple litigation and potential multiple or inconsistent liability.

12. The Plaintiff will pay the penal sum of the Bond into the registry of the Court upon Order from the Court.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court enter an Order in the form of the Order enclosed.

Respectfully submitted,

/s/ Donald R. Kinsley
Donald R. Kinsley, Esquire (I.D. No. 3006)
Brian L. Kasprzak, Esquire (I.D. No. 3846)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market St., Suite 800
Wilmington, DE 19801
Phone (302) 658-6538
Fax (302) 658-6537

OF COUNSEL:

Patrick M. Pike
Sean P. Foley
Goldberg, Pike & Besche, PC
100 S. Charles Street
Tower II, Suite 1001
Baltimore, MD 21201
(410) 539-1004

Dated: September 16, 2005

{DE045140.1}3

carrier.

4. Beginning in April 2004, the Surety began receiving numerous claims against the Bond from motor carriers who had not been paid for their services by Triglia Express, Inc.

5. As a result of the numerous claims against the Bond received by the Surety, the Surety elected to exercise its right to cancel the Bond on August 9, 2004.

6. Triglia Express, Inc. ceased operations and closed its doors on September 13, 2004.

7. On information and belief, all of the named Defendants may have provided transportation services for Triglia Express, Inc. and have not been paid for such services by Triglia Express, Inc.

8. All of the claims asserted, and claims which could be asserted, by the Defendants are adverse to the Plaintiff.

9. The claims and potential claims that could be asserted by the Defendants are all adverse to each other because the amounts asserted as claims by the Defendants in this action exceed the maximum liability of the Plaintiff under the Bond. Indeed, the amount of the claims asserted or potentially asserted by the Defendants total approximately $52,452.80 while the maximum liability of the Plaintiff, if any, is $10,000. Because the claims and potential claims exceed the available sums, the claims are adverse to each other as each Defendant has an interest in defeating or reducing the amount asserted by other Defendants.

10. It is necessary for the Court to restrain a race to the courthouse and prevent multiple or inconsistent liabilities on the Bond, or unfair depletion of the penal

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

UNITED STATES SURETY COMPANY  *

    Plaintiff  * Civil Action No.:

v.  *

M. MILLER TRUCKING, et al.  *

    Defendants  *

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

WHEREAS, the Plaintiff in this action wishes to deposit the sum of $10,000.00 with the Clerk of this Court; and

WHEREAS, the deposit of said funds is authorized by Fed.R.Civ.P.67 and subject to Order of the Court,

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Clerk of the Court shall accept the sum of $10,000.00 from the Plaintiff.

2. Within ten (10) days of receipt of the check representing payment of the aforesaid sum from the Plaintiff, the Clerk of the Court shall draw a check against the Registry of the Court in the amount of $10,000.00 made payable to Wachovia Bank and deliver same to Wachovia Bank, together with a certified copy of this Order.

3. Upon receipt of said check by Wachovia Bank, it shall be deposited in a money market account to be opened in the name of "Clerk of the Court of the United States District Court for the District of Delaware, Civil Action No._____".

4. The Clerk of the Court shall deduct, from the income earned on the investment, a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office, at equal to ten percent (10%) of the income earned on the investment, whenever such income becomes available for deduction in the investment so held and without further order of the Court.

5. The funds deposited with Wachovia Bank shall remain on deposit until further order of the Court.

DATED: _____, 2005

                                            _____
                                            United States District Judge

{DE044972.1}